IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTRELL COURTNEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3993 |
| | § | |
| ADRIAN GARCIA, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER OF DISMISSAL**

Plaintiff, a Harris County Jail inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, filed this section 1983 lawsuit against Harris County Sheriff Adrian Garcia for denial of adequate medical care.

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Under 42 U.S.C. § 1997e, inmates must exhaust administrative remedies for all civil actions brought with respect to prison conditions before filing a section 1983 suit in federal court. The Supreme Court has held repeatedly that section 1997e requires a proper and complete exhaustion of all administrative procedures before an inmate can sue in federal court. *See Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Plaintiff reports in his complaint that he did not exhaust his jail administrative remedies prior to filing this lawsuit. The Harris County Jail provides an established grievance procedure for inmates to grieve their complaints. *See*, *e.g.*, *Lane v. Harris County Medical Dept.*, 266 F. App'x 315 (5th Cir. 2008). Plaintiff's admission on the face of his complaint is sufficient to allow the Court to dismiss without prejudice plaintiff's civil rights claims for failure to state a claim. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

Plaintiff's complaint fails to state a claim, predicated on his failure to exhaust Harris County Jail administrative grievance remedies. Accordingly, this lawsuit is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A for failure to state a claim. All other pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on January 13, 2010.

_____
Gray H. Miller
United States District Judge